**ORIGINAL**

### IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### OFFICE OF SPECIAL MASTERS

No. 13-442V
Filed: March 10, 2014
(Not for Publication)

**FILED**

MAR 1 0 2014

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
MARIA GONZALEZ AND JOEL GONZALEZ, *
legal representatives of a minor child, *
Joel Gonzalez, Jr., *
                        Petitioners, *    Dismissal; Equitable Tolling;
                                   *    Statute of Limitations.
            v. *
                                   *
SECRETARY OF HEALTH AND HUMAN *
SERVICES, *
                                   *
                        Respondent. *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Maria Gonzalez and Joel Gonzalez, legal representatives of a minor child, Joel Gonzalez, Jr.,* pro se petitioners.
*Ryan Pyles, Esq.,* U.S. Dept. of Justice, Washington, DC, for respondent.

### DECISION[1]

**Vowell**, Chief Special Master:

On July 1, 2013, Maria Gonzalez and Joel Gonzalez, legal representatives of a minor child, Joel Gonzalez, Jr., ["petitioners"] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] [the "Vaccine Act"]. On December 19, 2013, I issued a decision that dismissed their petition due to untimely filing. Judgment entered on January 24, 2014. Judgment was vacated and this case was reinstated on February 3, 2014.

For the reasons stated below, I again dismiss this case as untimely filed.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

## I. Procedural History.

The petition alleges that six hours after the administration of pneumococcal conjugate and rotavirus vaccines on June 28, 2010, Joel Gonzalez suffered a fever and staring episode. Petition at 1. At a status conference in August 20, 2013, petitioners noted that they had mailed their petition on June 28, 2013. The petition was not received until July 1, 2013, when it was duly filed by the clerk.

On September 4, 2013, respondent filed a motion to dismiss arguing that under Section 16(a)(2) of the Vaccine Act the petition was barred by the statute of limitations. Respondent's Motion to Dismiss at 1. The case was re-assigned to me on September 5, 2013. In an order issued on September 9, 2013, petitioners were instructed to file missing medical records and a response to the motion to dismiss by no later than November 22, 2013. On December 19, 2013, I issued a decision dismissing the case as time-barred by the statute of limitations. Judgment entered on January 24, 2014.

After judgment had entered it came to my attention that petitioners did file additional medical records and a response to the motion to dismiss as they had been ordered. However, because petitioners did not title their pleading as a response to respondent's motion and included a copy of Court Form 2 (Cover Sheet),[3] it was treated as a new petition by the clerk's office. As a new petition, a new case number was given and the case assigned to a different special master.[4] Because my December 19, 2013 decision did not consider the arguments presented by petitioners in their November 2013 filing, I vacated judgment and reinstated this case. Order, issued Feb. 3, 2014.

On February 12, 1014, I issued an order that indicated respondent could file a reply brief in support of her motion to dismiss that addressed petitioners' November 2013 filing, which was attached to the order as Court Exhibit I. Respondent's optional reply brief was due by February 28, 2014. To date, no brief has been filed.

---

[3] Form 2 is typically attached to new petitions and provides basic information about the petitioner, such as the nature of the suit (Contact, Tax, Military Pay, Vaccine Injury, etc). See Form 2, available at http://www.uscfc.uscourts.gov/sites/default/files/court_info/20130813_rules/Form%202.pdf; see also Filing a Complaint – Pro Se Information, available at http://www.uscfc.uscourts.gov/pro-se-information.

[4] An Order Concluding Proceedings was filed in the new case (13-927V) by Special Master Dorsey on February 6, 2014.

2

## II. Arguments and Analysis.

A. Untimely Filing.

The Vaccine Act's statute of limitations provides in pertinent part that, in the case of:

> a vaccine set forth in the Vaccine Injury Table which is administered after October 1, 1988, if a vaccine-related injury occurred as a result of the administration of such vaccine, no petition may be filed for compensation under the Program for such injury after the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury . . . .

§ 16(a)(emphasis added).

In *Cloer*, the Court of Appeals for the Federal Circuit affirmed that "the first symptom or manifestation of onset of a vaccine-related injury is 'the first event objectively recognizable as a sign of a vaccine injury by the medical profession at large.'" *Cloer*, 654 F.3d. at 1335 (*quoting Markovich v. Sec'y, HHS*, 477 F.3d 1353, 1360 (Fed. Cir. 2007)). In *Wilkerson*, the Federal Circuit explained that the "recognition may have occurred some time after the symptoms first occurred." *Wilkerson v. Sec'y, HHS*, 593 F.3d 1343, 1346 (Fed. Cir. 2010).

The Federal Circuit has held that "[t]here is no requirement that the vaccine injury be diagnosed." *Cloer*, 654 F.3d at 1329 (emphasis omitted). The Circuit determined the date of the first symptom or manifestation of injury is "a statutory date that does not depend on when a petitioner knew or reasonably should have known anything adverse about her condition." *Cloer*, 654 F.3d at 1339. The date is dependent on when the first sign or symptom of injury appears, not when a petitioner discovers a causal relationship between the vaccine and the injury. *Id.*

The petition filed in this case states that Joel Jr. suffered a fever, jerking of his arms and legs, and a staring episode on June 28, 2010, six hours after receipt of his vaccinations that day. Petition at 1. The affidavits of both Joel and Maria Gonzalez also indicate that his seizure disorder developed on June 28, 2010. Pet. Exs. 6-7. The medical records are consistent with the parents' recollection that the first symptom of onset occurred on June 28, 2010. *See, e.g.,* Pet. Ex. 8, p.1.

Because the first symptoms of Joel Jr.'s seizure disorder occurred on June 28, 2010, this petition needed to be filed by no later than June 28, 2013. The petition was not filed until July 1, 2013, and thus is untimely.

3

B. Equitable Tolling.

The doctrine of equitable tolling is a legal principle that acts to overcome a statute of limitations problem in certain situations. If a case is untimely filed and the doctrine of equitable tolling applies, then the case will be permitted to continue.

In *Cloer*, the Federal Circuit acknowledged that equitable tolling applies in Vaccine Act cases, but under very limited circumstances, such as when a petitioner was the victim of fraud or duress, or when a procedurally deficient pleading was timely filed. *Cloer*, 654 F.3d at 1344-45. It squarely rejected the applicability of equitable tolling "due to unawareness of a causal link between an injury and administration of a vaccine." *Id.* at 1345.

Petitioners have not presented any arguments that would support the application of equitable tolling to this claim, and my examination of the record does not disclose any basis for applying equitable tolling to this case.

### III. Conclusion.

In their November 22, 2013 response, petitioners urge me to award them compensation so that they can provide the best education and treatment for their son. While I am sympathetic with petitioners' plight, I must enforce the Vaccine Act as it is written. The Act required them to file their petition by June 28, 2013. The petition was not received and filed by the court until July 1, 2013, and thus was untimely filed. Furthermore, petitioners have not demonstrated any extraordinary circumstances warranting equitable tolling. **Thus, this claim is dismissed as untimely filed under the Vaccine Act's statute of limitations.**

My February 3, 2014 order vacating the prior judgment and reinstating this petition did not explicitly withdraw my prior decision. **The clerk shall formally withdraw my December 19, 2013 decision, and enter judgment according to this decision.**

IT IS SO ORDERED.

Denise K. Vowell
Chief Special Master

4